## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### Eastern Division



**TEVIN JONES**
1121 Worthington Woods Blvd #1147
Columbus, OH 43085

*Plaintiff,*

vs.

**ENTERPRISE HOLDINGS, INC.**
600 Corporate Park DR
Saint Louis, MO, 63105

and,

**EAN HOLDINGS, LLC d/b/a**
**Enterprise Rent-A-Car**
4600 McAuley Place, Suite 510
Cincinnati, OH, 45242

and,

**JASON PEARSON, individually**
**c/o EAN Holdings, LLC**
4600 McAuley Place, Suite 510
Cincinnati, OH, 45242

and,

**JOHN BOWRON, individually**
**c/o EAN Holdings, LLC**
4600 McAuley Place, Suite 510
Cincinnati, OH, 45242

*Defendants.*

Case No. 2:25 CV 1519

JUDGE SARGUS

MAGISTRATE JUDGE JOLSON

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Tevin Jones ("Jones"), *pro se,* brings this action against Defendants, ENTERPRISE HOLDINGS INC., EAN HOLDINGS LLC d/b/a Enterprise Rent-A-Car, JOHN BOWRON, and JASON PEARSON (collectively, "Defendants"), and states as follows:

## I. INTRODUCTION

1. Jones brings this action against Defendants for race discrimination, disability discrimination, FMLA interference, and retaliation.

2. Jones, who is an African American male, was a high-performing employee for eight years. Defendants, through their white managers, denied him promotions in favor of similarly situated, less qualified white candidates, harassed him after he disclosed a serious medical condition, and unlawfully terminated his employment.

3. This complaint is a refiled action following the dismissal without prejudice of *Jones v. Enterprise Holdings INC. et al.*, 2:23-cv-920, (S.D. Ohio). Attached hereto, incorporated herein, and marked as "Exhibit 1" is a true and correct copy of that Order dated December 30, 2024.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA").

5. This Court has supplemental jurisdiction over state law claims arising under Ohio Revised Code § 4112.02 pursuant to 28 U.S.C. § 1367.

2

6. Venue is proper in this District under 28 U.S.C. § 1391(b).

7. Jones has exhausted his administrative remedies by filing a Charge of Discrimination with the EEOC, a true and correct copy of which is attached hereto, incorporated herein, and marked as "Exhibit 2" (with personal identifying information redacted), and receiving a Notice of Right to Sue on December 12, 2022, a true and correct copy of which is attached hereto, incorporated herein, and marked as "Exhibit 3" (with personal identifying information redacted).

## III. PARTIES

8. Plaintiff Tevin Jones, is a black male who currently resides in Franklin County, Ohio.

9. Defendant Enterprise Holdings, Inc. and Defendant EAN Holdings, LLC (collectively "Enterprise") are businesses operating in Ohio and were Jones's joint employers.

10. Defendant Jason Pearson ("Pearson") is a white male who served as a manager/supervisor and had authority over Jones's employment.

11. Defendant John Bowron ("Bowron") is a white male who served as a manager/supervisor and had authority over Jones's employment.

## IV. STATEMENT OF FACTS

### A. Plaintiff's Employment and Qualifications

12. Jones began his employment with Enterprise in or about August 2014 and performed his duties commendably for eight years.

13. In or about October 2017, Jones was promoted to Customer Service Representative, a customer-facing position. In or about April 2019, he earned a second promotion to

Emerald Club Specialist.

14. Jones consistently met or exceeded the requirements outlined in his annual performance reviews.

15. Jones was a high-performing employee who routinely assumed significant responsibilities beyond his assigned role, demonstrating commitment and reliability.

16. Jones routinely performed duties and tasks that were managerial in nature, including training new staff, managing employees, managing fleet production, and running daily operations in the absence of supervisors. He successfully executed these tasks without supervision, confirming his qualification for the supervisory roles he later sought.

17. As a specific example of Plaintiff's assumption of higher duties, on or about the weekend of October 1, 2021, Jones successfully assumed full management duties typically handled by a supervisor, including the oversight of two-thirds of the staff and the management of fleet production.

## B. Discriminatory Failure to Promote

18. Jones consistently expressed his desire for promotions to supervisory and coordinator roles within Enterprise.

19. **2018 Fleet Coordinator Position:** In or about the summer of 2018, Jones was denied the opportunity to compete for a promotion to Fleet Coordinator. The Area Rental Manager David Clunk, who is white, was responsible for this decision.

20. Enterprise subsequently selected Dominic Pizzuro ("Pizzuro"), a white male, for the Fleet Coordinator position over Jones. Pizzuro later resigned from the position after approximately one month.

21. **February 2022 Fleet Production Supervisor Position:** In or about February 2022, the

position of Fleet Production Supervisor opened. Jones was qualified and applied for this role.

22. Defendant Pearson, a white supervisor, discouraged Jones from pursuing this position. Enterprise subsequently selected Tyler Gibson ("Gibson"), a white male, for the role over Jones. Gibson later resigned from the position after approximately three months.

23. **March 2022 Fleet Logistics Coordinator Position:** In or about March 2022, the position of Fleet Logistics Coordinator was created. Defendant Pearson, acting in his capacity as a manager, altered job requirements for this position.

24. Enterprise selected Peter Smith ("Smith"), a white male, for this position. Smith later resigned from the position after approximately six months.

25. **August 2022 Fleet Production Supervisor Position:** A second position for Fleet Production Supervisor opened in or about August 2022.

26. Jones was not considered for this position, as he had been previously discouraged from applying for the identical role by Defendant Pearson in or about February 2022.

27. Enterprise selected Jeffrey Bender ("Bender"), a white male, for this position. Bender resigned from the position after approximately four months.

28. In all these instances, Jones, a qualified Black candidate, was passed over for white candidates who lacked the necessary qualifications or job tenure, demonstrating a pattern of unlawful race discrimination in promotion practices.

## C. Disability Discrimination and FMLA Interference

29. In or about November 2020, Jones was diagnosed with migraine headache with aura and notified Defendant Bowron of this diagnosis via email.

30. In or about June 2022, Jones began suffering from chronic, daily migraines, a serious

health condition, and further disclosed this condition to Defendant Bowron via email.

31. Defendant Bowron improperly disclosed Jones's confidential medical information to Defendant Pearson.

32. Following this disclosure, Pearson began harassing Jones regarding his attendance and medical condition. For instance, Pearson repeatedly instructed Jones's direct supervisor to question Jones regarding his need for medical leave and questioned the legitimacy of his medical needs, creating a hostile work environment that continued until Jones's termination.

33. When Jones, an eligible employee under the FMLA having worked more than 1,250 hours in the preceding twelve months, attempted to exercise his rights under the FMLA, he received insufficient or misleading guidance on proper usage from Bowron.

34. These actions show that Defendants failed to accommodate Jones's medical condition and interfered with his protected FMLA rights.

## D. The Discriminatory Termination

35. On or about October 11, 2022, Defendant Pearson, a white supervisor, initiated a confrontation with Jones.

36. Following the incident, Defendant Bowron suspended Jones pending an investigation. Pearson was not suspended.

37. The investigation was biased and pretextual, focusing solely on Jones's reaction while ignoring Pearson's aggression and role in the incident.

38. On or about October 17, 2022, Enterprise terminated Jones's employment.

39. Jones engaged in protected activity by opposing race discrimination, disclosing his serious medical condition, requesting reasonable accommodation, and attempting to

exercise his rights under the FMLA

40. Jones's termination was an adverse employment action and the culmination of a pattern of race discrimination and retaliation, occurring shortly after his protected activity.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION (Title VII of the Civil Rights Act of 1964)

(Against Defendants Enterprise Holdings, Inc. and EAN Holdings, LLC only)

41. Plaintiff by reference, incorporates the preceding paragraphs 1 through 40 as though fully set forth herein.

42. Defendants are employers within the meaning of Title VII.

43. Defendants took adverse employment actions, including denying him promotions and terminating him, because of Plaintiff's race in violation of Title VII.

44. Defendants retaliated against Jones for engaging in a protected activity, including opposing unlawful race discrimination and complaining about unequal promotion practices, in violation of Title VII.

### COUNT II: RACE DISCRIMINATION (42 U.S.C. § 1981 - Section 1981)

(Against All Defendants)

45. Plaintiff by reference, incorporates the preceding paragraphs 1 through 40 as though fully set forth herein.

46. All Defendants intentionally discriminated against Jones based on his race in the making, performance, modification, and termination of his employment contract.

47. Defendants denied Jones the same right to make and enforce contracts as is enjoyed by

white citizens, specifically by denying him promotions and terminating him, all because

of his race, in violation of 42 U.S.C. § 1981.

## COUNT III: DISABILITY DISCRIMINATION (Americans with Disabilities Act - ADA)

(Against Defendants Enterprise Holdings, Inc. and EAN Holdings, LLC only)

48. Plaintiff by reference, incorporates the preceding paragraphs 1 through 40 as though fully set forth herein.

49. Jones is a qualified individual with a disability (chronic migraines).

50. Defendants failed to provide reasonable accommodations, including intermittent leave and flexibility during migraine episodes.

51. Defendants violated the ADA by improperly disclosing Jones's confidential medical information and by subjecting him to a hostile work environment regarding his attendance related to his disability.

## COUNT IV: FMLA INTERFERENCE AND RETALIATION (Family and Medical Leave Act - FMLA)

(Against All Defendants)

52. Plaintiff by reference, incorporates the preceding paragraphs 1 through 40 as though fully set forth herein.

53. Defendants, including the individual supervisors Pearson and Bowron, are employers or individually liable under the FMLA. Pearson and Bowron exercised supervisory authority over Jones's schedule, discipline, and leave requests, and therefore qualify as "employers" within the meaning of 29 U.S.C. § 2611(4)(A).

54. Defendants interfered with Jones's FMLA rights by failing to provide him with required

8

guidance and information on how to utilize his FMLA leave.

55. Defendants retaliated against Jones for exercising or attempting to exercise his FMLA rights by terminating his employment.

56. These actions show that Defendants unlawfully interfered with Jones's protected FMLA rights and retaliated against him for attempting to exercise those rights, in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*

### COUNT V: DISCRIMINATION UNDER OHIO LAW (Ohio Rev. Code § 4112.02)

(Against Defendants Enterprise Holdings, Inc. and EAN Holdings, LLC only)

57. Plaintiff by reference, incorporates the preceding paragraphs 1 through 40 as though fully set forth herein.

58. The conduct described above constitutes unlawful race discrimination, disability discrimination, failure to accommodate, and retaliation under the Ohio Fair Employment Practices Act.

59. Defendants retaliated against Jones for opposing unlawful discriminatory practices, requesting accommodations, and attempting to exercise his FMLA rights, in violation of the Ohio Fair Employment Practices Act.

60. Pursuant to R.C. 4112.08 (ELUA), this claim is made only against the corporate employer entities.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff and against all Defendants;

9

B.  Award Plaintiff back pay, front pay, and lost benefits;

C.  Award compensatory damages for emotional distress, and other non-economic harm;

D.  Award punitive damages for Defendants' malicious and reckless conduct;

E.  Award costs and reasonable attorney's fees (if Plaintiff obtains counsel); and

F.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: <u>December 30, 2025</u>

/s/ *Tevin Jones*

Tevin Jones
1121 Worthington Woods Blvd #1147
Columbus, OH 43085
(419) 908 2724
tjones@invictarealtyllc.com

*Pro Se Plaintiff*