UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TEVIN JONES, | ) Case No. 2:25-cv-01519 |
| Plaintiff, | ) Judge Sarah D. Morrison |
| v. | ) |
| ENTERPRISE HOLDINGS, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANTS ENTERPRISE HOLDINGS, INC., EAN HOLDINGS, LLC, dba ENTERPRISE RENT-A-CAR, JASON PEARSON, & JOHN BOWRON'S MOTION TO STAY**

Plaintiff Tevin Jones ("Plaintiff" or "Jones") is not a newcomer before this Court. In related action *Jones v. Enterprise Holdings, Inc. et al.*, 2:23-cv-00920-SDM-CMV (hereinafter "*Jones I*") Jones sued Defendants Enterprise Holdings, Inc., EAN Holdings, LLC, dba Enterprise Rent-A-Car, Jason Pearson, and John Bowron ("Defendants"). The parties litigated for months in which Jones repeatedly refused to follow Court orders and refused to sign a standard form protective order of this Court proclaiming at a September 12, 2024 telephone conference that there "was no version of a protective order that he would agree to." (*Jones I*, Dkt. No. 44, PageID# 557). This required substantial litigation over simply entering a standard 1-tier form protective order. (*See, e.g.*, *Jones I*, Dkt. Nos., 42-43) in a matter where Defendants had already been forced to petition the Court to force Jones to comply with basic requirements such as responding to discovery and agreeing to attend his deposition. (*Jones I*, Dkt. No. 41). The Court thus granted Defendants' Motion for Protective Order on October 11, 2024 and required Jones to pay for one hour of Defendants' attorney's fees pursuant to the fee shifting provisions of Rule 26 and 37. (*Jones I*, Dkt. No. 41, PageID# 557). Defendants' counsel then requested that Jones remit payment for $540 which was one hour of time based on the average rate of the three counsel who worked

on the successful Motion for Protective Order. (Ex. 1, Oct. 11, 2024 Email). This amount was never paid by Jones. He instead filed a Motion to Dismiss Voluntarily (Dkt. No. 46) which Defendants objected to given Jones' Motion was clearly an attempt to avoid complying with the Court's fee award. (*Jones I*, Dkt. No. 47). On December 30, 2024, the Court then, over Defendants' objection, granted Jones' Motion and dismissed *Jones I* without prejudice. (*Jones I*, Dkt. No. 48). The Court noted, however, that "Jones has not yet complied with the Court's order, requiring him to pay Defendants one hour of attorneys' fees at Defendants' attorney's hourly billing rate" but "interpreted Mr. Jones's Motion as a claim of indigence and inability to pay the fees." (*Id*.). Jones then refiled this action without proceeding *in forma pauperis*, and paying a $405 filing fee. (*See Jones I* Docket). He has yet to comply with the Court's Order from *Jones I* thus necessitating this Motion.

Jones, unfortunately, proceeded in the exact fashion Defendants predicted he would in its Second Motion to Dismiss for Lack of Prosecution in *Jones I*. (*See Jones I*, Dkt. No. 47). He voluntarily dismissed his action seemingly to avoid a $540 fee award after months of forcing Defendants to expend significant s fees over disputes which had no business being before the Court in the first place. While the Court gave Jones significant leeway in *sua sponte* finding that he was unable to pay the $540 fee award due to indigency, this appears to no longer be the case as Jones has refiled this action and has not proceeded *in forma pauperis*. Indeed, the docket itself reflects he was able to pay the $405 filing fee without issue. Jones thus certainly can pay the $540 fee award but seemingly believes he has found a way to circumvent his obligations in *Jones I* through voluntary dismissal. Not so. Pursuant to Rule 41(d), "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2)

may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). The Sixth Circuit has identified that this is a key requirement of Rule 41(d) to reduce unfair prejudice to defendants in the event of refiling.  *Noel v. Guerrero*, 479 F. App'x 666, 670 (6th Cir. 2012). Defendants expended significant fees litigating *Jones I*.  At a minimum, Plaintiff should be required to pay the $540 award he was required to pay in *Jones I* before this matter proceeds any further and yet more fees are accrued.  Defendants thus respectfully request 1) this matter be stayed until further notice if and until Jones pays Defendants $540 and any additional relief the Court deems just; and 2) if Jones refuses to do so within 30 days of the Court's stay order that this matter be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Stay should be Granted.

Respectfully submitted,

*/s/ M. Scott McIntyre*
M. Scott McIntyre (0075298)
Sean P. Ryan (0094085)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
(513) 929-0303 (fax)
smcintyre@bakerlaw.com
spryan@bakerlaw.com

*Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed on February 5, 2026 with the Court via the CM/ECF system. A copy will also be mailed to the following address of record:

Tevin Jones
1608 Fulton Street
Columbus, OH 43205
tjones@invictarealtyllc.com

*Pro Se Plaintiff*

                                          */s/ M. Scott McIntyre*
                                          M. Scott McIntyre (OH0075298)

009970.007001\4901-7202-5995.1