UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TEVIN JONES, | ) | Case No. 2:25-cv-01519 |
| | ) | |
| Plaintiff, | ) | Judge Sarah D. Morrison |
| v. | ) | |
| | ) | |
| | ) | |
| ENTERPRISE HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ENTERPRISE HOLDINGS, INC., EAN HOLDINGS, LLC, dba
ENTERPRISE RENT-A-CAR, JASON PEARSON, & JOHN BOWRON'S MOTION
TO STRIKE "NOTICE OF CLERICAL FILING ERROR"**

Plaintiff, now weeks after his deadline to file a Reply in Support of his Motion to Strike (Dkt. No. 10) makes an additional filing out of time claiming a "clerical filing error."  Plaintiff, however, has not sought leave of court to make this filing out of time, nor did he make any informal request to Defendants to stipulate as such.  The Court should therefore strike yet another of Plaintiff's vexatious pleadings.

In any event, the entirety of Plaintiff's complaints center around Defendant's Motion to Stay being mailed to a different address[1] than where he claims he currently lives.  Plaintiff's entire argument, however, assumes that Defendants were somehow even required to mail him a copy of the pleading in the first place.  They were not.  The Court specifically ordered Mr. Jones to obtain efiling access on January 7, 2026 (Dkt. No.6).  The Court also specifically ordered that Mr. Jones monitor the docket and noted it was his responsibility to monitor the docket. (Dkt. No. 6).  And

---

[1] The docket now appears to have been corrected to reflect this address, and Defendants will now use that address for any courtesy copies as needed.

despite Plaintiff's claims to the contrary, <u>Defendants' ECF filing notice reflects he *did* receive notice sent to the address he claims the Motion to Stay was never sent to</u>. (Ex. 1).[2]

Plaintiff has now filed *three* different pleadings to argue over nonsense. (Dkt. No. 10, 12, 20). Mr. Jones' vexatious motion practice to date is just a preview of what lies ahead in this litigation—Plaintiff flooding the Court's docket with frivolous motions and repeatedly misrepresenting the record. This shows that Mr. Jones has learned <u>nothing</u> from the Court's fee award in *Jones I* and only stands to illustrate how important it is that the Court set guardrails to this case early on by requiring Plaintiff to pay the $540 he was ordered to pay in Jones I but never did.

Respectfully submitted,

*/s/ M. Scott McIntyre*
M. Scott McIntyre (0075298)
Sean P. Ryan (0094085)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
(513) 929-0303 (fax)
smcintyre@bakerlaw.com
spryan@bakerlaw.com

*Attorneys for Defendants*

---

[2] Defendants have highlighted the relevant portion which expressly shows Plaintiff was mailed a copy of the Motion to Stay to the address he claims it was never sent to.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed on March 30, 2026 with the Court via the CM/ECF system.  A copy will also be mailed to the following address of record:

1121 Worthington Woods Blvd #1147
Columbus, OH 43085

*Pro Se Plaintiff*

/s/ M. Scott McIntyre
M. Scott McIntyre (OH0075298)